UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| JERRY MICHAEL LITTLE, | ) |
| | ) |
| Plaintiff, | ) Action No. 5:11-cv-00284-JMH |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| NANCY A. BERRYHILL[1], | ) |
| Acting Commissioner of | ) |
| Social Security | ) |
| | ) |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the parties' cross-Motions for Summary Judgment (DE 25 and 26) on Plaintiff's appeal of the Commissioner's denial of his application for disability insurance benefits.[2] The matter having been fully briefed by the parties is now ripe for this Court's review.

**I.  Overview of the Process and the Instant Matter**

In determining whether an individual is disabled, an Administrative Law Judge ("ALJ") uses a five step analysis:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

2. An individual who is working but does not
      have a "severe" impairment which
      significantly limits his physical or mental
      ability to do basic work activities is not
      disabled.

   3. If an individual is not working and has a
      severe impairment which "meets the duration
      requirement and is listed in appendix 1 or
      equal to a listed impairment(s)", then he
      is disabled regardless of other factors.

   4. If a decision cannot be reached based on
      current work activity and medical facts
      alone, and the claimant has a severe
      impairment, then the Secretary reviews the
      claimant's residual functional capacity and
      the physical and mental demands of the
      claimant's previous work. If the claimant
      is able to continue to do this previous
      work, then he is not disabled.

   5. If the claimant cannot do any work he did
      in the past because of a severe impairment,
      then the Secretary considers his residual
      functional capacity, age, education, and
      past work experience to see if he can do
      other work. If he cannot, the claimant is
      disabled.

*Preslar v. Sec'y of Health & Hum. Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994)(citing 20 C.F.R. § 404.1520(1982)).

## II.

Plaintiff filed the instant claim for Disability Insurance Benefits (DIB), alleging an onset date of June 15, 2004, with a protective filing date of February 25, 2009 (Tr. 346-48, 391).[3] After Plaintiff's claim was denied at the initial and

---

[3] Plaintiff filed a previous claim for DIB, which was denied and became administratively final on February 23, 2007 (Tr. 113-22).

reconsideration levels (Tr. 82-83), a hearing was held on July 28, 2010 (Tr. 87), and on August 9, 2010, an administrative law judge (ALJ) denied Plaintiff's claim (Tr. 84-98). On August 8, 2011, the Appeals Council denied Plaintiff's request for review (Tr. 99-104). Plaintiff sought judicial review in this Court, which remanded the case on December 6, 2011, because of an inaudible hearing recording (Tr. 105-07). A second ALJ held a hearing on October 19, 2012, and on November 29, 2012, the ALJ issued a second decision denying Plaintiff's claim (Tr. 123-39). On December 13, 2013, the Appeals Council granted Plaintiff's request for review and remanded to the ALJ for further development of Plaintiff's residual functional capacity (RFC) assessment and additional testimony from a vocational expert (VE) (Tr. 140-44). On October 30, 2014, the ALJ held a third hearing (Tr. 25-68), and on January 12, 2015, the ALJ issued a third decision denying Plaintiff's claim (Tr. 8-24). Plaintiff did not file timely exceptions to the ALJ's January 2015 decision, and thus, on August 23, 2016, the Appeals Council informed Plaintiff that the ALJ's January 2015 decision was now the Commissioner's final decision (Tr. 1-5). Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

**III.**

Plaintiff, born in 1966, was forty-three years old as of his date last insured (December 31, 2009), can understand English, and

has at least a high school education (Tr. 17, 391, 394, 400). Plaintiff has past relevant work experience as an assembly worker, forklift operator, telephone line installer, backhoe operator, and injection molding operator (Tr. 17, 61-62, 383-90). Plaintiff had severe impairments of morbid obesity; joint pain, status-post multiple orthopedic traumas in motor vehicle accidents with history of fractures of right femur, right hip, right knee, right tibia, left tibia, and left fibula with open reduction internal fixation and subsequent surgeries to remove hardware; and right shoulder pain with tendinopathy (Tr. 13-14, Finding No. 3). The ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled a listing (Tr. 14, Finding No. 4).

After a careful evaluation of all the evidence of record, the ALJ found Plaintiff had the RFC to perform sedentary work with no more than occasional overhead reaching with the right upper extremity; no more than occasional climbing ramps or stairs; no more than occasional stooping, kneeling, or crouching; no crawling; no ambulation on uneven terrain; no operation of foot pedal controls with the right lower extremity; no climbing ladders, ropes, or scaffolds; and no exposure to cold temperature extremes, humidity, vibration, or hazards such as unprotected heights or dangerous machinery (Tr. 14-16, Finding No. 5). The ALJ then found Plaintiff could not return to his past relevant work (Tr. 17, Finding No. 6). Relying on VE testimony, the ALJ found Plaintiff

4

could do other work that existed in the national economy (Tr. 17-18, Finding No. 10; 61-66). The ALJ thus found Plaintiff was not disabled (Tr. 18, Finding No. 11).

## IV.

When reviewing a decision made by the ALJ, the Court may not "'try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility.'" *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). "The ALJ's findings are conclusive as long as they are supported by substantial evidence." 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted). Substantial evidence "means such relevant evidence as a reasonable mind might accept." *Foster*, 279 F.3d at 353.

## V.

Plaintiff bears the ultimate burden of proving disability. See 42 U.S.C. § 423(d)(5); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Richardson v.* Heckler, 750 F.2d 506, 509 (6th Cir. 1984). The regulations require Plaintiff to offer the evidence he believes will prove disability. *See* 20 C.F.R. §§ 404.1512(a), (c), 404.1513(e), 404.1516 (2016);[4] *Barnhart v. Thomas*, 540 U.S. 20 (2003) (the Commissioner's regulations deserve deference). Plaintiff failed to meet his burden.

---

[4] All citations to the Code of Federal Regulations are to the 2016 version.

5

Plaintiff challenges the ALJ's consideration of treating physician Osias M. Villaflor, M.D.'s, opinions. Pl.'s Br. at 2-7. When evaluating a doctor's opinion, an ALJ considers numerous factors, including whether the doctor examined the claimant, whether the doctor treated the claimant, whether the doctor treated the claimant, the evidence the doctor presents to support his or her opinion, whether the doctor's opinion is consistent with the record as a whole, and the doctor's specialty. See 20 C.F.R. § 404.1527(c). Generally, a treating doctor's opinion is entitled to more weight and an ALJ must give good reasons for discounting a treating doctor's opinion. See 20 C.F.R. § 404.1527(c)(2); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). An ALJ, however, may discount a doctor's opinion, including a treating doctor's opinion, when the doctor does not provide objective medical evidence to support his or her opinion or if the doctor's opinion is inconsistent with the record as a whole. See 20 C.F.R. § 404.1527(c); *Walters v. Comm'r Soc. Sec.*, 127 F.3d 525, 529-30 (6th Cir. 1997); *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993).

Moreover, opinions on some issues, such as whether the claimant is "disabled," the claimant's RFC, or whether the claimant's impairments meet or equal a listed impairment, "are not medical opinions, . . . but are, instead, opinions on issues

6

reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d); *see* 20 C.F.R. § 404.1527(a)(2); Social Security Ruling (SSR) 96-5p, 1996 WL 374183; *Dunlap v. Comm'r of Soc. Sec.*, 509 F. App'x 472, 476 (6th Cir. 2012); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007). Opinions on issues reserved for the Commissioner "even when offered by a treating source, . . . can never be entitled to controlling weight or be given special significance." SSR 96-5p, 1996 WL 374183, at *5; *see* 20 C.F.R. § 404.1527(d)(3); *Bass*, 499 F.3d at 511. "Giving controlling weight to such opinions would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." SSR 96-5p, 1996 WL 374183, at *2. In addition, although doctors' opinions about what a claimant can still do or the claimant's restrictions are relevant evidence, such opinions are not determinative because the ALJ has the responsibility of assessing the claimant's RFC. *See* 20 C.F.R. §§ 404.1512(b)(2), 404.1513(b)(6), 404.1527(d)(2), 404.1545(a)(3), 404.1546(c); SSR The administrative record contains four physical capacities evaluations from Dr. Villaflor dating from January 2006 to June 2010 (Tr. 612-13, 618-19, 629-

7

30, 643-44). However, because Plaintiff filed a previous claim that became final on February 23, 2007, the ALJ was barred by administrative res judicata from considering evidence dated before February 23, 2007 (Tr. 15). *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997).[5] Thus, the ALJ only weighed Dr. Villaflor's opinions from February 2009 and June 2010 (Tr. 16, 92, 132, 629-30, 643-44).[6]

In a February 2009 physical capacities evaluation, Dr. Villaflor opined Plaintiff could lift/carry less than ten pounds, needed an option to alternate sitting/standing as needed, had restrictions in the use of his bilateral upper and lower extremities, had a complete inability to perform postural activities, had multiple environmental limitations, and would need unscheduled interruptions of work routine as needed to alleviate pain (Tr. 629-30). In a June 2010 physical capacities evaluation, Dr. Villaflor opined much the same limitations as in his February

---

[5] Likewise, absent a colorable constitutional claim, administrative res judicata bars Plaintiff from litigating in this Court his entitlement to disability benefits for any time before February 23, 2007. See Bogle, 998 F.2d at 346 ("when a prior decision is not reopened, this court has no jurisdiction to review the actions of the [Commissioner] on the earlier claim in the absence of a colorable constitutional claim"); see also Priest v. Soc. Sec. Admin., 3 F. App'x 275, 276 (6th Cir. 2001) (holding claimant must show she was disabled during the period between a previous denial of benefits and her date last insured to be entitled to DIB).

6 In the ALJ's January 2015 decision at issue, she adopted her analysis of Dr. Villaflor's opinions from her November 2012 decision, which was itself an adoption of the analysis provided in the ALJ's decision from August 2010 (Tr. 16, 92, 132). For purposes of this analysis, citations are made to all three ALJ decisions.

2009 opinion, with the addition of limitations against sitting more than two hours in an eight-hour workday or standing/walking more than one hour in an eight-hour workday (Tr. 643-44).

The ALJ provided four good reasons, supported by substantial evidence, for discounting Dr. Villaflor's opinions (Tr. 16, 92, 132). First, Dr. Villaflor's opinions were inconsistent with the objective medical evidence of record (Tr. 16, 92, 132). In particular, Dr. Villaflor's opinions were inconsistent with x-rays of Plaintiff's right hand in December 2007 (Tr. 636), left foot in March 2008 (Tr. 634), and bilateral elbows and left forearm in October 2008 (Tr. 633). As the ALJ noted, none of the x-rays showed any current fractures or other acute osseous abnormalities (Tr. 16, 92, 132, 633-34, 636).

Second, the ALJ discounted Dr. Villaflor's opinions because he only saw Plaintiff intermittently, with significant time gaps in treatment (Tr. 16, 92, 132). A review of the record reveals that, in the relevant period from February 2007 to December 2009, Dr. Villaflor only saw Plaintiff six times (Tr. 620-25). Furthermore, contrary to Plaintiff's allegation, Pl.'s Br. at 7, the ALJ was obligated to consider the frequency of Dr. Villaflor's examinations when weighing his opinions. *See* 20 C.F.R. § 404.1527(c)(2)(i); *see also Hoover v. Colvin*, No. 6:13-cv-157-JMH, 2014 WL 5107473, at *3 (E.D. Ky Sept. 29, 2014) ("Dr. Crispin candidly admitted in her January 2012 opinion that she had seen

Plaintiff only intermittently since March 2011, a statement which serves as substantial evidence to support the ALJ's conclusion that she lacked a longitudinal perspective on Plaintiff's condition.").

Third, the ALJ rejected Dr. Villaflor's opinions because they were inconsistent with consultative examiner Helen O'Donnell, M.D.'s, May 2009 evaluation (Tr. 16, 92, 132, 562-66). Dr. O'Donnell examined Plaintiff on behalf of the state agency and found he had, among other things, intact fine and gross motor manipulation and normal sensory and reflexes (Tr. 565). She noted he was able to walk with a normal gait without assistive device and sit during the interview without obvious discomfort (Tr. 565). She opined he had the ability to perform activities involving sitting which allow frequent change of position and appropriate breaks, carry light loads, walk short distances, and stand short periods of time (Tr. 565). Thus, contrary to Plaintiff's contention (Pl.'s Br. at 5), Dr. O'Donnell's opined limitations were not nearly as restrictive as those opined by Dr. Villaflor (Tr. 565, 629-30, 643-44).

Finally, the ALJ rejected Dr. Villaflor's opinions of essentially disabling limitations because they were inconsistent with Plaintiff's statement that he stopped work, not because he was altogether unable to work, but because there was no light work available (Tr. 16, 92, 132). As the ALJ noted, in December 2003 –

six months before Plaintiff's alleged onset date in June 2004 (Tr. 391) – orthopedic surgeon J. K. Ritterbusch, Jr., M.D., released Plaintiff to full activity, but Plaintiff reported there was no light duty work available to him (Tr. 16, 39, 92, 132, 525). Thus, substantial evidence supports the ALJ's rejection of Dr. Villaflor's opinions.

Plaintiff alleges the ALJ did not account for the length of Dr. Villaflor's treating relationship with Plaintiff. Pl.'s Br. at 6-7. However, length of treatment is only one of the factors relevant to an ALJ's consideration of a physician's opinion. See 20 C.F.R. § 404.1527(c)(2)(i). As discussed, the ALJ properly found that the relative infrequency of Dr. Villaflor's examinations diminished the credibility of his opinions (Tr. 92). See id.

Plaintiff alleges the ALJ's notation of the intermittent nature of Dr. Villaflor's examinations was inappropriate, because Plaintiff could not afford treatment and/or felt it was unlikely to improve his condition. Pl.'s Br. at 7. However, as discussed, the ALJ noted the infrequency of Dr. Villaflor's examinations to show that Dr. Villaflor did not have a longitudinal perspective of Plaintiff's condition (Tr. 16, 92, 132). Plaintiff's reasons for not obtaining additional treatment were not at issue.

Plaintiff alleges the ALJ gave no analysis of observations of pain or Plaintiff's regular need for narcotic medication. Pl.'s Br. at 7. Plaintiff fails to develop this argument by citing

evidence or controlling authority, thereby waiving the issue. *See Moore v. Comm'r of Soc. Sec.*, 573 F. App'x 450, 543 (6th Cir. 2014). Regardless, "'[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.'" *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citations and quotations omitted)). Moreover, the mere fact that Plaintiff complained of pain and was treated with narcotic medication does not establish the existence of significant functional limitations. See *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis [of a condition], of course, says nothing about the severity of the condition.").

Finally, Plaintiff alleges his inability to ambulate has resulted in his weight exceeding 400 pounds. Pl.'s Br. at 7. He fails to draw any connection between this conclusory allegation and the ALJ's consideration of Dr. Villaflor's opinions.

**VI.**

For all of the reasons set forth above, **IT IS ORDERED**:

1)   that Plaintiff's Motion for Summary Judgment (DE 25) is **DENIED;**

2)   that Defendant's Motion for Summary Judgment (DE 26) is **GRANTED,** and;

3)   The Acting Commissioner's final decision is **AFFIRMED.**

This the 19th day of October, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge